**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 09-4226**

_____

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

DEMAINE DIWAN BENJAMIN,

        Defendant - Appellant.

_____

Appeal from the United States District Court for the District of South Carolina, at Florence. Terry L. Wooten, District Judge. (4:07-cr-01427-TLW-1)

_____

Submitted: February 24, 2011      Decided: March 18, 2011

_____

Before GREGORY, SHEDD, and DAVIS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Janis Richardson Hall, Greenville, South Carolina, for Appellant. Arthur Bradley Parham, Rose Mary Sheppard Parham, Assistant United States Attorneys, Florence, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Demaine Diwan Benjamin appeals his conviction following his guilty plea to one count of conspiracy to possess with intent to distribute fifty grams or more of cocaine base in violation of 21 U.S.C. § 846 (2006). Benjamin's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738, 744 (1967), stating that there are no meritorious issues for appeal but questioning whether the district court complied with Fed. R. Crim. P. 11 in accepting Benjamin's guilty plea. Benjamin filed a pro se supplemental brief challenging whether a sufficient factual basis exists to support his guilty plea, and whether he was denied the right to a speedy trial. We affirm.

Because Benjamin did not move in the district court to withdraw his guilty plea, the Rule 11 hearing is reviewed for plain error. United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002). We conclude that the district court fully complied with the requirements of Rule 11 in accepting Benjamin's guilty plea. The district court properly informed Benjamin of the rights he was forfeiting as a result of his plea and the nature of the charges and penalties he faced, and found that Benjamin was competent and entering his plea voluntarily.[1] The record

---

[1] Benjamin's plea agreement contained a stipulation, pursuant to Fed. R. Crim. P. 11(c)(1)(C), to a sentence between 188 to 235 months' imprisonment. Under Rule 11(c)(1)(C), when (Continued)

establishes Benjamin knowingly and voluntarily entered into his guilty plea with a full understanding of the consequences, and that the district court ensured the existence of a sufficient factual basis. Therefore, there was no error in the district court's acceptance of the plea.[2]

In accordance with <u>Anders</u>, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Benjamin's conviction and sentence. This court requires that counsel inform Benjamin, in writing, of the right to petition the Supreme Court of the United States for further review. If Benjamin requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Benjamin. We dispense with oral argument because

the Government agrees that a specific sentence or range is appropriate, or that a particular guideline provision or sentencing factor does not apply, such a recommendation binds the court once the court accepts the plea agreement. If the district court later rejects the stipulated provision, it must give the defendant an opportunity to withdraw the plea, and advise the defendant that he may face a more severe sentence than anticipated by the plea agreement. Fed. R. Crim. P. 11(c)(5); <u>United States v. Lewis</u>, __ F.3d __, 2011 WL 310805, at *6 (4th Cir. Feb. 2, 2011).

[2] We have examined Benjamin's pro se claims, and conclude that they entitle him to no relief.

the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED